**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

BARRY A. ORMOND,
             Appellant,

      v.

DEPARTMENT OF JUSTICE,
             Agency.

DOCKET NUMBER
DC-3443-14-0179-I-1

DATE: October 21, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Barry A. Ormond, Chesterfield, Virginia, pro se.

John T. LeMaster, Esquire, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2       The appellant, who mandatorily retired from his Human Resources Specialist position in April 2013, filed a Board appeal alleging that he had applied for numerous non-law enforcement positions within the agency, and the agency deemed his application for reemployment "ineligible" for processing. Initial Appeal File (IAF), Tab 1 at 3, 7 (retirement Standard Form 50).  The administrative judge issued a show cause order in which she explained that the Board may not have jurisdiction over the appeal and ordered the appellant to provide evidence and argument concerning the Board's jurisdiction over his appeal.  IAF, Tab 3.  The appellant filed a response identifying 5 C.F.R. §§ 1201.3(a)(2), (7) and other statutes and regulations as sources of the Board's jurisdiction and alleging that the agency committed age discrimination and prohibited personnel practices.  IAF, Tab 5.  The administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction.  IAF, Tab 8, Initial Decision (ID).  The administrative judge noted that the appellant also cited 5 C.F.R. § 1201.3(a)(7), which discusses employment practices appeals, but

deemed it unclear whether the appellant was arguing that the Board has jurisdiction over the appeal on this basis. She therefore directed him to file a separate employment practices appeal if he intended to make such a claim. ID at 3 n.*.[2] The appellant has filed a petition for review, but the agency has not filed a response. Petition for Review (PFR) File, Tab 1.

¶3 On review, the appellant reiterates his argument that the Board has jurisdiction over the appeal, asserts that he was improperly barred from reemployment, and argues that this case is a "Mixed Complaint." *Id*. He also asserts that the administrative judge did not return his calls or notify the Office of Personnel Management about the issues in this appeal. *Id.* The appellant includes with his petition his email correspondence with various agency representatives and an equal employment opportunity counselor, and he also provides what he calls "Department of Commerce [Law Enforcement Officer] Information." *See* PFR File, Tab 1, Attachments.

¶4 The Board's jurisdiction is not plenary; it is limited to those matters over which it has been given jurisdiction by law, rule or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). Generally, an unsuccessful candidate for a federal civil service position has no right to appeal his nonselection. *Tines v. Department of the Air Force*, 56 M.S.P.R. 90, 93 (1992). The appellant's petition for review does not persuade us that the administrative judge erred or that the Board has jurisdiction over the nonselections at issue in this matter. Indeed, we note that the regulation at 5 C.F.R. § 1201.3(a)(2) states that the Board has jurisdiction over retirement appeals, but the agency's decision not to select the appellant for the vacancies in question does not appear to involve a determination affecting the rights or interests of an individual under the Federal retirement laws as prescribed therein.

---

[2] The appellant did not subsequently file an employment practices appeal. It appears, however, that the appellant has an individual right of action appeal currently pending with the regional office after remand. *See Ormond v. Department of Justice*, MSPB Docket No. DC-1221-11-0860-B-4.

The appellant's citation to 5 C.F.R. § 831.909, PFR File, Tab 1 at 12-13, which states that an employee who has been mandatorily separated under 5 U.S.C. § 8335(b) is not barred from reemployment in any position except a primary position after age 60, does not change the outcome because there is no evidence that the appellant was barred from reemployment. To the contrary, the appellant was apparently found "[q]ualified and referred with the Exception group" for one of the vacancies. *See* IAF, Tab 5 at 15. Other vacancies were apparently limited to certain current, surplus, and/or displaced employees, *see id.* at 18, 21-22, and the appellant did not fall into any of these categories because of his mandatorily-retired status. Because the Board lacks jurisdiction over the appeal, it also lacks jurisdiction to hear the appellant's claims of age discrimination and prohibited personnel practices. *See Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980) (prohibited personnel practices under 5 U.S.C. § 2302(b) are not an independent source of Board jurisdiction), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982).

¶5    We disagree with the appellant's contention that this case is a mixed case. Indeed, in *Cunningham v. Department of the Army*, 119 M.S.P.R. 147, ¶¶ 13-14 (2013), the Board held that appeals of matters outside the Board's jurisdiction do not qualify as mixed cases even if they involve covered discrimination claims. We have also considered the appellant's remaining arguments on review, but they do not warrant a different outcome.

¶6    Finally, we have considered the documentation submitted on petition for review. Under 5 C.F.R. § 1201.115, the Board generally will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). The appellant has not made such a showing. Even if such evidence could be considered "new" evidence, this documentation does not persuade us that the Board has jurisdiction over the appeal.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.